# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CR-57-TLS |
| | ) | |
| JAMES DODSON | ) | |

## OPINION AND ORDER

This case concerns evidence obtained in a controlled buy operation on July 2, 2012, and evidence obtained during the execution of a search warrant at the residence of the Defendant, James Dodson, on July 30, 2012.

Before the Court is a Motion to Suppress Evidence [ECF No. 38] filed by the Defendant on February 13, 2013. The Government filed a Response [ECF No. 40] on February 28, along with two writs of attachment [ECF No. 40-1], and the search warrant affidavit, the search warrant itself, and a list of all items recovered from the Defendant's residence [ECF No. 40-2]. At a telephonic conference held before the Court on March 13, 2013, the parties stated that neither additional briefing nor an evidentiary hearing was necessary. Accordingly, this matter is ripe for this Court's ruling.

## BACKGROUND

### A. The Institution of This Case

The Government filed a four-count Indictment against the Defendant on August 22, 2012, charging him with knowingly and intentionally distributing less than 50 kilograms of marijuana on July 2, 2012, in violation of 21 U.S.C. § 841(a)(1) (Count 1); knowingly and intentionally possessing with the intent to distribute less than 50 kilograms of marijuana on July

30, 2012, in violation of 21 U.S.C. § 841(a)(1) (Count 2); knowingly possessing a firearm in furtherance of a drug trafficking crime on July 30, 2012, in violation of 18 U.S.C. § 924(c) (Count 3); and being a felon in possession of a firearm on July 30, 2012, in violation of 18 U.S.C. § 922(g)(1) (Count 4). The charge in Count 1 arises from a controlled buy operation on July 2, 2012, and the charges in Counts 2–4 arise from the execution of a search warrant on the Defendant's residence on July 30.

B.     **The Undisputed Facts**

In its Response, the Government set forth the following facts, which the Defendant has not challenged.

In early July, 2012, Detective Kurt Franceus of the Fort Wayne Police Department's Vice and Narcotics Division made contact with a confidential informant (CI). The CI told Franceus that the Defendant was selling marijuana out of his home in Fort Wayne, and that the Defendant kept firearms at his house and used the firearms to protect his drug transactions. Accordingly, Franceus and the CI conducted a controlled buy of 2 ounces of marijuana from the Defendant at his residence on July 2, 2012. On that date, Franceus observed the CI enter the Defendant's residence. The CI emerged from the residence with 56.6 grams of a substance that tested positive for marijuana. The CI told Franceus that the Defendant had sold the marijuana, that the CI had observed bagged marijuana on the floor, and had also observed a Tec-9 firearm in plain view next to the marijuana.

On July 11, the CI identified the Defendant's photo out of a six-person photo array. The CI stated that the Defendant was the person who had sold him/her marijuana in the controlled

2

buy on July 2.

On July 23, Franceus and the CI attempted to conduct a second controlled buy operation. However, the parents of the Defendant observed Franceus as he dropped off the CI, and became suspicious. The Defendant's father came to the Defendant's residence and told the Defendant not to complete the drug transaction with the CI, although the CI had the money and was ready to purchase one ounce of marijuana from the Defendant.

On May 30 and July 10, 2012, a judge from the Allen Superior Court issued writs of attachment for the arrest of the Defendant due to a child support obligation. (*See* Writs of Attachment, ECF No. 40-1.)

Detective Franceus submitted a search warrant affidavit to the Allen Superior Court on July 25, 2012. (Search Warrant Aff., ECF No. 40-2 at 1–6.) Franceus's affidavit outlined the facts as summarized above relating to the successful controlled buy operation on July 2, the photo identification on July 11, and the unsuccessful controlled buy operation on July 23. Franceus also noted that the Defendant had been previously arrested for resisting law enforcement in 2006, and had reportedly pointed a firearm at a subject in 2008. In light of his training and experience, which included four and a half years of police experience and hundreds of narcotics investigations, Franceus stated that drug dealers often keep firearms, drug ledgers, and cash in their residences. Accordingly, in his affidavit, Franceus requested that the Allen Superior Court judge issue a search warrant for the seizure of evidence of drug activity including marijuana, United States Currency, firearms, and records of drug transactions. Finally, because of the evidence that the Defendant kept an assault pistol close to the door, Franceus requested that the court issue a "no-knock" warrant. Franceus's affidavit is dated July 25, 2012, and is

signed by Franceus, by a deputy prosecuting attorney, and by the Allen Superior Court judge.

The Allen Superior Court judge issued a search warrant on July 25, 2012, at 3:50 PM.[1] (Search Warrant, ECF No. 40-2 at 7.) The warrant stated that Franceus's affidavit established probable cause for a search. Therefore, the warrant instructed law enforcement officers to search the Defendant's residence for drugs,[2] United States currency, firearms, and any records of drug transactions and/or financial information relating to drug trafficking, including cellular phones, internal call logs, and text messages. In light of the potential danger to officers from knocking and announcing, the warrant instructed law enforcement officers to execute it in a "no-knock" manner.

Fort Wayne Police Department officers executed the search warrant on July 30. First, they conducted surveillance on the Defendant's residence and observed him leaving. They conducted a felony stop of the Defendant and arrested him pursuant to the two active warrants for his arrest. At that time, the Defendant provided law enforcement officers with a key to his residence, which the officers used to execute the warrant at the residence. Upon execution of the search warrant, officers recovered the following items from the Defendant's residence on July 30: 406.6 grams of a green weedy substance that field tested positive for marijuana; other small amounts of a green weedy substance that field tested positive for marijuana; baggies containing the marijuana and other unused baggies; digital scales; drug ledgers; two 9 mm rounds, one .45

---

[1]The warrant states that it is "Dated this 25th day of 2012, at 3:50 o'clock P.M." But as the Government notes, the search warrant affidavit is clearly dated "this 25th day of *July* 2012" (emphasis added), and both documents share the same Fort Wayne Police Department control number. The Defendant has presented nothing to suggest that the search warrant was not dated the same day as the search warrant affidavit.

[2]The warrant actually instructs law enforcement officers to search for cocaine instead of marijuana, but the Defendant raises no argument relating to this discrepancy.

caliber round, and one .38 special round of ammunition; three 50 round boxes of .45 caliber ammunition; electronic devices; and a black in color Glock 30, found loaded with ten .45 caliber rounds, one in the chamber. The officers also recovered the following items from the Defendant's person upon his arrest: a cellular phone; a set of keys; and $133 in United States currency.

**C.     The Defendant's Motion to Suppress Evidence and His Arguments in Support**

In his Motion to Suppress Evidence [ECF No. 38], the Defendant asks the Court to suppress any and all evidence seized as a result of the search of his residence pursuant to the search warrant. He raises at least six arguments, which the Court summarizes as follows: 1) the search warrant was not properly issued as required by Federal Rule of Criminal Procedure 41(b); 2) the arrest of the Defendant was illegal because he was not observed in any criminal activity, and the seizure of evidence in his residence directly resulted from this illegal arrest; 3) the search of his residence was a general search outside the authority granted by the warrant, and resulted in seizure of articles not described in the warrant; 4) the affidavit does not establish probable cause sufficient to issue a warrant for seizure of marijuana and/or firearms; 5) the warrant was stale because it did not state the month of its issuance and because it relied on stale facts; 6) the execution of the warrant violated the knock and announce statute. The Defendant asks for suppression of the evidence relating directly or indirectly to the execution of the search warrant. The Defendant does not argue for suppression of the evidence relating to the controlled buy operation of July 2. The Defendant has determined that the Motion does not require further briefing or an evidentiary hearing.

## ANALYSIS

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. This means in part that police may only search a person's home "if there is probable cause to believe that the authorities will recover the items subject to seizure at the time they execute the warrant." *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005) (citing *United States v. Rambis*, 686 F.2d 620, 622 (7th Cir. 1982)).

The "central teaching of [Supreme Court] decisions bearing on the probable cause standard is that it is a 'practical, nontechnical conception.'" *Illinois v. Gates*, 462 U.S. 213, 231 (1983) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232.

"When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit." *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003) (citing *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)).[3] In such a case, "[p]robable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person

---

[3] Under *Franks v. Delaware*, there is a presumption of validity with respect to the affidavit supporting a search warrant, 438 U.S. 154, 171 (1978), and the Defendant has not challenged that presumption in this case.

to believe that a search will uncover evidence of a crime." *Peck*, 317 F.3d at 756 (citing *Gates*, 462 U.S. at 238). Accordingly, the Supreme Court has stated that:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238. "In issuing a search warrant, a magistrate is given license to draw reasonable inferences concerning where the evidence referred to in the affidavit is likely to be kept, taking into account the nature of the evidence and the offense." *United States v. Singleton*, 125 F.3d 1097, 1102 (7th Cir. 1997) (citing *United States v. Sleet*, 54 F.3d 303, 306 (7th Cir. 1995)). For example, in issuing a warrant, a judge may infer that evidence of drug dealing is likely to be found where a dealer lives. *Singleton*, 125 F.3d at 1102 (citing *United States v. Lamon*, 930 F.2d 1183, 1188 (7th Cir. 1991)). "[W]hen observing activity of a person suspected of criminal activity, Government agents are entitled to reasonably rely upon their special knowledge and expertise to assess probabilities and draw inferences," *United States v. Marin*, 761 F.2d 426, 432 (7th Cir. 1985), and a judge may take into account the experience and special knowledge of officers if the search warrant affidavit explains the significance of specific types of information, *Lamon*, 930 F.2d at 1189.

"[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Gates*, 462 U.S. at 236 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238–39

(quotation marks, brackets, and ellipsis omitted); *see also Massachusetts v. Upton*, 466 U.S. 727, 728 (1984) (applying rule from *Gates*). "A magistrate's determination of probable cause '. . . should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the placed indicated.'" *Newsom*, 402 F.3d at 782 (quoting *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999)).

"If the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality." *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985). "When . . . the affidavit is the only evidence presented to the warrant-issuing magistrate, 'the warrant must stand or fall solely on the contents of the affidavit.'" *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002) (quoting *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)). The Seventh Circuit has made clear that probable cause affidavits are to be "read as a whole in a realistic and common sense manner," *United States v. Quintanilla*, 218 F.3d 674, 677 (7th Cir. 2000) (quoting *Spry*, 190 F.3d at 835), and that "doubtful cases should be resolved in favor of upholding the warrant," *Quintanilla*, 218 F.3d at 677 (citing *Spry*, 190 F.3d at 835).

### A.     The Defendant's Arguments

As outlined above, the Defendant raises six arguments in support of his Motion to Suppress. The Court will address each of these arguments in turn. The Court notes that the Motion to Suppress consists of three pages, and twenty-five lines of substantive text. The Defendant's analysis of his arguments is undeveloped and without factual support.

**1.**     *The Defendant's Argument that the Warrant was not Properly Issued*

The Defendant argues, first, that "[t]he search warrant was not properly issued by a federal magistrate judge or state court judge as required by Fed. Criminal Rule 41(b)." (Mot. to Suppress Evidence ¶ 3, ECF No. 38.) The Government notes that the Defendant has failed to state what was improper about the issuance of the warrant. Federal Rule of Criminal Procedure 41(b)(1) allows a local state judge to issue a warrant "to search for and seize a person or property located within the district." It appears that the warrant issued by the Allen Superior Court judge on July 25 meets the criteria of Rule 41(b). Because the Defendant has failed to show how the Allen Superior Court judge failed to comply with Rule 41(b), the Court will not grant the Motion to Suppress on the basis of this conclusory argument.

**2.**     *The Defendant's Argument that His Arrest Was Illegal and Led to Illegal Seizure of His Property*

The Defendant argues, second, that his arrest was illegal because he "was not observed in criminal activity nor did the authorities have reasonable grounds to believe that [the] Defendant had committed a criminal offense." (Mot. to Suppress Evidence ¶ 5.) The Defendant insists, therefore, that the seizure of his property "was a direct result of [the] Defendant's illegal arrest and detention." (*Id.* ¶ 9.) The Government replies that the Defendant was arrested because of two valid arrest warrants, and that the arrest of the Defendant was therefore appropriate. *See Johnson v. Miller*, 680 F.2d 39, 41 (7th Cir. 1982) ("If an arrest warrant is valid on its face, its execution against the person named in the warrant does not violate the Fourth Amendment."). The Court agrees with the Government that the Defendant has failed to show any impropriety in his arrest given the uncontested evidence that two warrants for his arrest were outstanding on July 30. As

to the Defendant's assertion that seizure of his property directly resulted from an illegal arrest, the Court disagrees. Even if his arrest away from his residence had been illegal, the search warrant still instructed law enforcement officials to enter the residence in search of certain items. Nothing about his arrest—even had it been an illegal arrest—would have prevented authorities from executing the search warrant and confiscating the items taken from the residence. For all these reasons, the Court will not grant the Motion to Suppress on the basis of this argument.

3. *The Defendant's Argument that the Search was Outside the Scope of the Warrant*

The Defendant argues, third, that "[t]he search of the premises was a general search outside the authority granted by the search warrant, and resulted in the seizure of articles not described in the search warrant." (Mot. to Suppress Evidence ¶ 6.) The Government notes that the Defendant has failed to show or even to state what items were seized outside the scope of the warrant. The Court agrees with the Government that the Defendant's argument must be denied. It appears that the many items taken from the Defendant's residence, including drugs, weapons, ammunition, and various types of drug paraphernalia, were exactly the type of items listed in the search warrant. Accordingly, because the Court finds that the Defendant has not shown what was impermissibly general about the search, the Court will not grant the Motion to Suppress on the basis of this argument.

4. *The Defendant's Argument that the Search Warrant Affidavit did not Provide Probable Cause to issue a Search Warrant*

The Defendant argues, fourth, that "[t]he affidavit fails to state evidentiary facts supporting probable cause to believe that there was marijuana and/or firearms existing in the

residence to be searched." (Mot. to Suppress Evidence ¶ 7.) The Government responds by noting the strength of the evidence relied upon by the Allen Superior Court judge in granting the search warrant. The Allen Superior Court judge, in reviewing Detective Franceus's affidavit, had knowledge of the successful controlled buy operation at the Defendant's residence on July 2; the CI's photo identification of the Defendant on July 11; the failed controlled buy operation at the Defendant's residence on July 23; Franceus's observations, based on his training and experience, about the likelihood of finding drugs, weapons, and equipment in the Defendant's residence; statements from the CI about what he/she had seen inside the Defendant's residence; and corroboration of the CI as a result of the successful controlled buy operation on July 2.

As stated by the Supreme Court in *Illinois v. Gates*, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." 462 U.S. at 238–39 (quotation marks, brackets, and ellipsis omitted). Such an analysis "should not take the form of *de novo* review." *Id.* at 236. Instead, a reviewing court should give "great deference" to the initial probable cause determination. *Id.* So long as the underlying affidavit alleges "specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the placed indicated," *Newsom*, 402 F.3d at 782 (quotation marks omitted), a reviewing court should uphold a probable cause determination.

The Court finds that the Allen Superior Court judge had a substantial basis for concluding that probable cause existed to believe that the Defendant's residence would contain evidence of illegal drug activity on or about the date of issuance of the warrant. The affidavit contained specific facts and circumstances from which the Allen Superior Court judge

11

reasonably concluded that the Defendant's residence would contain drugs, weapons, ammunition, and other items associated with drug activity. The Defendant has raised no specific arguments on the subject of probable cause. His conclusory assertion that the affidavit failed to state enough facts to constitute probable cause to search his residence must fail, particularly because the Defendant bears the burden to show what was illegal about the warrant. *Longmire*, 761 F.2d at 417; *see Quintanilla*, 218 F.3d at 677 ("doubtful cases should be resolved in favor of upholding the warrant"). It appears that the CI had personal knowledge of the contents of the Defendant's residence and gave sufficient details, and that Detective Franceus was able to corroborate the CI's information through the successful controlled buy on July 2. *See United States v. Taylor*, 471 F.3d 832, 839 (7th Cir. 2006) (stating that three factors to consider when assessing a probable cause determination based on a CI are "whether the informant '(1) had firsthand knowledge; (2) provided sufficient details; [and] (3) relayed information which was subsequently corroborated'" (quoting *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005))). For all the reasons discussed, the Court finds that the supporting affidavit provided a substantial basis for the Allen Superior Court judge to conclude that probable cause existed to search the Defendant's residence for evidence of drug activity. Accordingly, the Court will not grant the Motion to Suppress on the basis of this argument.

**5.**     *The Defendant's Argument that the Warrant was Stale and Depended on Stale Facts*

The Defendant argues, fifth, that "[t]he warrant was stale in that it did not properly state the month of its issuance. It further relied upon stale facts supporting the probable cause." (Mot. to Suppress Evidence ¶ 8.) The Government responds that the warrant was issued on the same

date as Detective Franceus swore to his affidavit—July 25. Accordingly, the Government argues that there was nothing stale about execution of the warrant on July 30.

As discussed above, the Court finds that although the warrant itself omits the word July, it is clear from the control number and the subject matter that the Allen Superior Court judge issued the warrant on July 25, 2012. It is undisputed that Fort Wayne Police Department officers executed the warrant on July 30. In light of these facts, the Court finds that the Defendant has failed to show that the warrant was stale when executed, nor that the probable cause determination relied upon stale facts. For these reasons, the Court will not grant the Motion to Suppress on the basis of this argument.

**6.**   *The Defendant's Argument that Execution of the Warrant Violated the Knock and Announce Statute*

Finally, the Defendant argues that "[t]he execution of the warrant violated the 'knock and announce' requirements." (Mot. to Suppress Evidence ¶ 10.) Again, the Defendant offers nothing more than this conclusory statement. The Government argues that execution of the search warrant did not violate the knock and announce statute for a number of reasons: 1) the knock and announce rule should not apply to state, as opposed to federal, law enforcement officials; 2) in this case the Fort Wayne Police Department officers had a warrant specifically allowing them to enter without knocking or announcing, and used the Defendant's keys to peaceably enter the residence; 3) the Defendant bears the burden of establishing that the officers did not knock and announce before entering; and 4) violation of the knock and announce rule does not, on its own, require suppression of evidence.

Title 18, United States Code, § 3109 states:

13

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance.

The Seventh Circuit has declined to decide whether § 3109 "applies only to the execution of federal warrants by federal officers or whether it states a constitutional requirement applicable to all searches." *United States v. Carter*, 999 F.2d 182, 186 (7th Cir. 1993). However, even if § 3109 does govern a search, certain exigent circumstances will excuse failure to knock and announce. One of these exigent circumstances is "when a suspect's awareness of the search would increase the danger to police officers." *Id.* at 186 n.5 (quoting *United States v. Singer*, 943 F.2d 758, 762 (7th Cir. 1991)). Further, the Seventh Circuit has held that failure to comply with § 3109 will not compel exclusion of evidence where it would have inevitably been discovered pursuant to a warrant even if the law enforcement officials had knocked and announced their presence. *See United States v. Langford*, 314 F.3d 892, 894 (7th Cir. 2002) (holding that "it is hard to understand how the discovery of evidence inside a house could be anything but inevitable once the police arrive with a warrant" (quotation marks omitted)); *United States v. Sutton*, 336 F.3d 550, 552 (7th Cir. 2003) (stating that, under *Langford*, "suppression of evidence obtained as a result of a search subsequent to a knock-and-announce violation is not available as a remedy").

The Court agrees with the Government that the Defendant has failed to show a violation of the knock and announce rule. Although the warrant stated that it could be executed in a "no-knock" fashion, no evidence shows that officers actually executed it without knocking. It is undisputed that the Defendant was in custody at the time law enforcement officers executed the warrant, but nothing in the record shows that the officers did not knock to announce their

presence before entering with the Defendant's key. Even if the officers did not knock, they were state, non-federal, actors executing a state-issued warrant that specifically allowed a no-knock entry because of the potential danger. It appears the exigency of a high-capacity firearm kept in close proximity to the door of the Defendant's residence would justify a no-knock entry even if the officers did not knock. *See Carter*, 999 F.2d at 186 n.5. But the Defendant has failed to put forward facts upon which the Court could conclude that law enforcement officers violated the knock and announce statute. Furthermore, as in *Carter* and as discussed below, the Court need not reach the issue of whether § 3109 applies to non-federal law enforcement officials because the good faith exception to the Fourth Amendment justified the entry whether probable cause actually existed to issue the warrant or not. *See id.* at 186. Finally, even if the Defendant had shown a violation of § 3109, under Seventh Circuit precedent exclusion of the evidence would not be a proper remedy. *See Langford*, 314 F.3d at 894; *Sutton*, 336 F.3d at 552. For all these reasons, the Court finds that the Defendant has failed to show violation of the knock and announce requirement of 18 U.S.C. § 3109, and the Court will not grant the Motion to Suppress on the basis of this argument.

B.     **The Good Faith Exception**

The Government urges that even if probable cause had been lacking to issue the warrant, the good faith exception would preclude invalidating the warrant in this case. The Defendant has not responded to this argument.

The good faith exception to the Fourth Amendment provides that "[a] facially valid search warrant issued by a neutral, detached magistrate will be upheld if the police relied on the

warrant in good faith." *United States v. Mykytiuk*, 402 F.3d 773, 777 (7th Cir. 2005) (citing *United States v. Leon*, 468 U.S. 897, 913 (1984); *see United States v. Curry*, 538 F.3d 718, 730 (7th Cir. 2008) (applying the good faith exception). "An officer's decision to obtain a warrant is *prima facie* evidence that she was acting in good faith." *Mykytiuk*, 402 F.3d at 777 (citing *United States v. Merritt*, 361 F.3d 1005, 1013 (7th Cir. 2004)). If a defendant shows that "the issuing judge abandoned his role as a neutral and detached arbiter, that the officers were dishonest or reckless in preparing the supporting affidavit, or that the affidavit was so lacking in probable cause that no officer could have relied on it," *id.*, then a defendant may overcome the presumption of good faith.

The Court agrees with the Government that, even if probable cause had been lacking to issue the warrant in the first place, the good faith exception applies in this case to prevent invalidating the warrant. The Defendant has presented no evidence to suggest that the Fort Wayne Police Department officers who executed the search warrant on July 30 failed to act in good faith objective reliance on the search warrant issued by the Allen Superior Court judge. Nor has the Defendant suggested that the Allen Superior Court judge who issued the warrant was not neutral and detached. As noted above, the Defendant has not shown that Detective Franceus was dishonest or reckless in preparing the supporting affidavit. For all these reasons, the Court finds that the Defendant has failed to overcome the presumption of good faith issuing from the facially valid warrant. Therefore, even if the Allen Superior Court judge had lacked probable cause to issue a warrant, the good faith exception would preclude suppression of the evidence found in the Defendant's residence.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Defendant's Motion to Suppress Evidence [ECF No. 38]. The Court CONFIRMS the telephonic final pretrial conference set for April 30, 2013, at 1:30 PM Eastern time before Judge Theresa L. Springmann. The Court will initiate the call. The Court further CONFIRMS the trial in this matter, set for May 14, 2013, at 8:30 AM Eastern time in the United States District Court, Fort Wayne, before Judge Theresa L. Springmann.

SO ORDERED on April 4, 2013.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT